UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                               Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                        92-CR-0080L

                               v.

CHRISTOPHER RONDEAU,

                               Defendant.
_____

## INTRODUCTION

On or about April 1, 1992, a grand jury entered a one-count indictment against defendant Christopher Rondeau ("defendant"), charging him with willfully and knowingly failing to appear at a Federal Correctional Facility or a United States Marshal's Office to surrender for service of his previously-imposed sentence, in violation of 18 U.S.C. §3146(a)(2). (Dkt. #2).

Presently before the Court is defendant's motion to dismiss the indictment (Dkt. #20), on the grounds that defendant's former counsel impermissibly testified concerning allegedly attorney-client privileged matters before the grand jury. For the reasons that follow, that motion is denied.

## DISCUSSION

Defendant contends that the indictment against him should be dismissed with prejudice, because it was obtained in violation of the attorney-client privilege. Specifically, defendant's attorney, Stephen D. Rogoff, appeared before the grand jury and testified concerning whether he had advised the defendant about the procedures available for taking him into custody after

sentencing, and the advice he gave to defendant when defendant contacted him after failing to surrender to commence his sentence.

"Grand jury proceedings carry a presumption of regularity." *United States v. Torres*, 901 F.2d 205, 232-33 (2d Cir. 1990) (internal quotations omitted). Moreover, "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant." *Id*. In any event, the introduction of allegedly improper evidence during grand jury proceedings does not generally result in the dismissal of the indictment: "[o]therwise, before trial on the merits there would always be a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury, with resultant delay." *Costello v. United States*, 350 U.S. 359, 409 (1956). *See United States v. Schlesinger*, 360 F. Supp. 2d 512, 521 (E.D.N.Y. 2005) ("alleged violations of the attorney-client privilege before the grand jury do not give rise to the type of Government misconduct that would require dismissal of the indictment"), *citing United States v. Colasurdo*, 453 F.2d 585, 596 (2d Cir. 1971) ("even if correct, appellants' assertions [that the attorney-client privilege was violated] would not be grounds for dismissing the indictment").

Even crediting defendant's allegations as true, the alleged violations of the attorney-client privilege before the grand jury do not rise to the level of Governmental misconduct that merits dismissal of the indictment in this case. "[N]umerous precedents ordering the exclusion of . . . illegally obtained evidence [at trial] assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book." *United States v. Blue*, 384 U.S. 251, 255 (1966). As such, even in the event that tainted evidence is presented to a grand jury, "this would not be a basis for abating the prosecution pending a new indictment, let alone barring it altogether." *Id*., 384 U.S. 251 at 255 n.3 (reversing district court's dismissal of indictment

obtained through the alleged use of illegally obtained evidence. *See also Colasurdo*, 453 F.2d 585 at 596.

Thus, while expressing no opinion with regard to whether the attorney-client privilege or professional duty of loyalty was violated in this case by defendant's counsel, and/or the admissibility of the purportedly privileged testimony at trial, I conclude that even if such violations occurred at the grand jury stage, the circumstances presented do not warrant dismissal of the indictment.

## CONCLUSION

For these reasons, defendant's motion to dismiss the indictment (Dkt. #20) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 24, 2012.